UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRYAN C. NIXON,

                     Plaintiff,

     v.                                              9:25-CV-0608
                                                        (GTS/PJE)

FREDERICK J. AKSHAR, III, et al.,

                     Defendants.
_____

APPEARANCES:

BRYAN C. NIXON
Plaintiff, pro se
538151
Broome County Correctional Facility
P.O. Box 2047
Binghamton, NY 13902-2047

GLENN T. SUDDABY
Senior United States District Judge

**DECISION and ORDER**

I.      INTRODUCTION

      Plaintiff Bryan C. Nixon commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). By Decision and Order entered on June 25, 2025, the Court granted plaintiff's IFP Application, reviewed the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), and

1

dismissed the pleading without prejudice for failure to state a claim upon which relief may be granted. Dkt. No. 4 ("June 2025 Order"). In light of plaintiff's pro se status, he was afforded an opportunity to submit an amended complaint. *Id*. at 9-11.

Presently before the Court is a document captioned as "Amended Complaint," which the Court construes as such despite the absence of a "Parties'" Section or signature. *See* Dkt. No. 6 ("Am. Compl.").[1]

## II.     SUFFICIENCY OF THE AMENDED COMPLAINT

### A.     The Complaint and June 2025 Order

In his complaint, plaintiff asserted claims based on alleged wrongdoing that occurred during his incarceration at Broome County Correctional Facility. Compl. at 4. More specifically, the complaint asserted claims based on allegations that defendant Corrections Officer Brunette exposed plaintiff's family photographs to other inmates on April 1, 2025, and the facility otherwise maintained a printing policy whereby "[p]ictures are printed out in a[n] open room that is public to all peice [sic] officers at the jail[.]" *Id*.

The complaint was construed to assert Fourth and Fourteenth Amendment invasion of privacy claims against defendant Brunette and Broome County Sheriff Akshar. *See* June 2025 Order at 5.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court dismissed plaintiff's Section 1983 claims without prejudice for failure to state a claim upon which relief may be granted. *See* June 2025 Order at 6-11.

---

[1] The Clerk is directed to update the docket accordingly.

### B.   Review of the Amended Complaint

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the June 2025 Order and it will not be restated in this Decision and Order.  *See* June 2025 Order at 2-4.

The following facts are set forth as alleged in the amended complaint, which is materially similar to the original complaint.

Non-incarcerated individuals can submit photographs to Broome County Correctional Facility through a third-party vendor, which "won't accept the picture if its [sic] not appropriate."  Am. Compl. at 1.  If accepted, the pictures are printed and reviewed by "the Piece Officer in the mail room[.]"  *Id*.  The corrections officer "working the housing unit for the day" then "has to pick up the photos" to deliver them to the appropriate inmate.  *Id*.  According to plaintiff, the review of personal photographs by multiple facility officials violates his privacy rights.  *Id*. at 1-2.

On April 1, 2025, defendant Brunette "threw [plaintiff's] family photos on [his] floor so everyone that passes by [could] see [his] wife and kids."  Am. Compl. at 1.  Defendant Brunette's "actions were disrespectful and negligant [sic]."  *Id*.  Plaintiff filed a grievance regarding the incident, but defendant Akshar "did nothing about it."  *Id*.

The Court liberally construes the allegations in the amended complaint to reassert Fourth and Fourteenth Amendment privacy claims against defendants Brunette and Akshar.[2]

Plaintiff seeks money damages and "equitable relief".  Am. Compl. at 3.  For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

**C.     Analysis**

The legal standard governing Fourth and Fourteenth Amendment privacy claims was discussed at length in the June 2025 Order and will not be restated herein.  *See* June 2025 Order at 7-9.

Insofar as plaintiff's privacy claims are asserted against defendant Akshar based on the policies and procedures at Broome County Correctional Facility related to printing and delivering photographs to incarcerated individuals, plaintiff acknowledges in his pleading that non-incarcerated individuals send pictures to a vendor for printing, and the vendor in turn screens the image to ensure it is appropriate before agreeing to print for the incarcerated individual.  *See* Am. Compl. at 1.  In other words, the non-incarcerated sender is voluntarily participating in the process, knowing that the image(s) is not being sent directly to the incarcerated individual, but rather is being reviewed and printed by someone else.  Moreover,

---

[2] Insofar as the amended complaint expressly references the Takings Clause of the Fifth Amendment, which prohibits the taking of private property for public use without just compensation, this Clause applies to the States through the Fourteenth Amendment.  *See Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001) ("The Takings Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment prohibits the government from taking private property for public use without just compensation.") (citation omitted).  In any event, the amended complaint does not allege that any of plaintiff's property was taken by any facility official, let alone that plaintiff attempted to obtain just compensation through the procedures provided by the State related to a taking, without success.  *See Warburton v. Cnty. of Ulster*, No. 17-CV-1219 (GTS/CFH), 2018 WL 4567104, at *6 (N.D.N.Y. Sept. 24, 2018).  Accordingly, the Court does not construe the amended complaint to assert a cognizable claim under the Takings Clause.

as with the original complaint, the amended complaint is devoid of allegations which plausibly suggest that pictures cannot be sent in some other way, i.e., mailed or delivered in person. Thus, the Court has no basis to plausibly infer from the allegations in the amended complaint that plaintiff had a legitimate expectation of privacy in pictures sent to him from loved ones through a third-party vendor, let alone that his privacy interest was somehow violated based on the manner in which these pictures were printed and sorted within the facility.  *See, e.g., Fraternal Order of Police Lodge No. 5 v. City of Philadelphia*, 812 F.2d 105, 111 (3d Cir.1987) (right to privacy can be waived); *Powell v. Schriver*, 175 F.3d 107, 112 n.1 (2d Cir. 1999) (recognizing the existence of a constitutional right to privacy with respect to certain types of personally sensitive matters, which can be waived).

In addition, insofar as the amended complaint asserts privacy claims based on allegations that on one occasion, defendant Brunette "threw [plaintiff's] family photos on [his] floor so everyone that passes by [could] see [his] wife and kids[,]" and defendant Akshar failed to address this misconduct, Am. Compl. at 1, plaintiff once again classifies this act as "negligant [sic]." *Id*. However, as noted in the June 2025 Order, "negligence cannot form the basis of a Section 1983 claim." *Id*. at 9 (citation omitted).

The Court would add only that plaintiff acknowledges in his pleading that his loved ones voluntarily submitted photographs to a vendor for printing, and the amended complaint does not include any details regarding the nature of the "photos" displayed by defendant Brunette, or efforts made by plaintiff to keep these and other photographs private.  Thus, the Court also has no basis to plausibly infer that plaintiff maintained a privacy interest in the

"photos" at issue. See *Fraternal Order of Police Lodge No. 5*, 812 F.2d at 111; *Powell*, 175 F.3d at 112 n.1.

Accordingly, and for the reasons set forth in the June 2025 Order, plaintiff's Section 1983 claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk shall update the docket to identify plaintiff's amended pleading submission (Dkt. No. 6) as the amended complaint; and it is further

**ORDERED** that plaintiff's Section 1983 claims are **DISMISSED** without prejudice and without further leave to amend in this action, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The Clerk is directed to terminate the defendants and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated:   September 12, 2025
         Syracuse, NY

                                                     Glenn T. Suddaby
                                                     U.S. District Judge

6